ORIGINAL

FILED
JAN 3 0 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LUIS HERNANDEZ-SANCHEZ,<br><br>  Defendant. | Cr. No. 08-3122GT<br><br>**ORDER** |

On January 27, 2009, Defendant, Luis Hernandez-Sanchez ("Mr. Hernandez"), filed a Motion to Correct or Reduce Sentence, pursuant to Fed.R.Crim.P Rule 35. For the reasons stated below, Mr. Hernandez' Motion is **DENIED**.

On October 31, 2008, Mr. Hernandez pled guilty, pursuant to a written plea agreement, to violating U.S.C. § 1326(a) and (b). Mr. Hernandez was sentenced on January 21, 2009 to forty-two months imprisonment. Mr. Hernandez now argues that § 1326(b) is not applicable in his case because the charging Information lacked the language that he was removed subsequent to a felony conviction. Hence, according to Mr. Hernandez, only § 1326(a) and its statutory maximum of 24 months is applicable. Mr. Hernandez relies on Garcia-Aguilar v. United States, 535 F.3d 1021 (9th Cir. 2008) to support this argument.

Rule 35 of the Federal Rules of Criminal Procedure states that within seven days the court may correct a sentence "that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P 35. Mr. Hernandez argues that his sentence was a "clear error." The Court disagrees for several reasons.

First, Mr. Hernandez' argument is a legal argument that should have been brought to the Court before sentencing to allow the issue to be fully briefed by both parties. There are arguments to be made on both sides of the issue. Hence, the sentence was not a "clear error."

Second, the written plea agreement clearly states that Mr. Hernandez was pleading guilty to "the Specific Offense Characteristic for being lawfully excluded, deported and removed **after** a prior aggravated felony conviction." Plea Agreement Para. 5 (emphasis added). Additionally, the plea agreement clearly states that the charge carries a maximum penalty of twenty years imprisonment. Plea Agreement Para. 2. Hence, Mr. Hernandez actually pled guilty to the requisite language of being deported after having been convicted of a felony. Since Mr. Hernandez pled guilty to being deported after an aggravated felony conviction and violating 8 U.S.C. § 1326(a) and (b), Mr. Hernandez,' sentence was not an error at all. Accordingly,

**IT IS ORDERED** Mr. Hernandez' Motion to Correct or Reduce Sentence is **DENIED.**

**IT IS SO ORDERED.**

1-28-09
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel